## BATES v. KEMP.

1. PRACTICE ON DEMURRER. A demurrer to an answer setting up three distinct causes of defense was sustained in the court below, which ruling was reversed by the Supreme Court as to the first cause, and was not passed upon as to the remaining defenses. It was held:

    1. That the cause was remanded for trial only on the first cause, and that as to the others the defendant had no standing in court.

    2. That on a second appeal, the Supreme Court would consider the sufficiency of the demurrer as to the defenses undetermined on the first appeal.

2. PROMISSORY NOTE: DEFENSE. Where two notes were executed for the purchase money of real estate, and the payee and vendee executed his bond to the maker conditioned for the conveyance of such real estate upon the payment of the note last maturing, it was held, that the failure or inability of such vendor to make the conveyance at the maturity of such second note did not constitute a good defense to an action on the note first maturing, by a third party holding it indorsed after maturity but before such defense existed.

3. CASE EXPLAINED. *Shipman* v. *Robbins*, 10 Iowa, 208, explained and reaffirmed.

*Appeal from Polk District Court.*

TUESDAY, APRIL 22.

THIS cause was before this court at the June term, 1861, and reversed on the ground that the court below erred in sustaining plaintiff's demurrer to the first clause of defendant's answer. See 12 Iowa, 99. A *procedendo* accordingly issued, and, at the August term of the District Court, 1861, plaintiff replied to this clause. The case was tried before the judge, without the intervention of a jury,—judgment for plaintiff, and defendant again appeals.

*Casady & Polk* for the appellant.

I. We maintain that the court erred in holding that the Supreme Court only reversed the ruling of the District

Court on plaintiff's demurrer to defendant's third amended answer as to the first count, and sustained it as to the other two clauses. *Bates* v. *Kemp*, 12 Iowa, 99. The demurrer was a general demurrer to the whole answer, and was not confined to any part of the same. This court has repeatedly held, that a general demurrer to the whole declaration or answer must be overruled whenever either of the counts therein is good. *Chambers* v. *Lathrop*, Mor., 102; *Coon* v. *Jones*, 10 Iowa, 131; *Jones* v. *Worick*, Id., 29.

II. We have already seen that the second and third counts of the answer *stood at the trial unobjected to by demurrer or otherwise.* Now, unless the allegations therein contained, •are wholly immaterial, defendant should have been permitted to prove them on the trial. The court cannot disregard them if they tend to set up a defense, even though they be defective, both in form and substance. *Mackey et al.* v. *Mettler*, 1 Iowa, 528; *Frentress* v. *Mobley*, 10 Id., 450.

III. It is well settled that the payment of the last note, and the conveyance of the real estate for which it was given, are dependent covenants, and no suit can be brought to recover the purchase money, unless plaintiff shows a performance, or offer to perform on his part. *School District No. 2* v. *Rogers*, 8 Iowa, 316.

IV. It is equally well settled that, although the first note (where several have been given in payment for real estate,) is independent of the covenant to convey until the last note becomes due; (when, as in this case, the conveyance is to be made,) it then becomes dependent on such covenant, and no suit can be brought on the first note, until a conveyance is made or tendered. *Cunningham* v. *Grier*, 4 Blackf., 341; *Cox et al.* v. *Hazard*, 7 Id., 409; *Coe* v. *Smith*, 1 Ind., 271; *Cavenor* v. *Fennimore*, 8 Ind., 135.

V. Again, the assignee having taken the note after due, took it subject to all the equities between the parties. Story

Prom. N., § 178 ; *Shipman* v. *Robbins,* 10 Iowa, 208 ; *Hunt* v. *Livermore,* 5 Pick., 395.

*Curtis Bates, pro se.* It is not contended that Lyon conveyed the land, which formed the consideration of this note before the note was indorsed to plaintiff. Lyon could not after the indorsement, by any act or omission destroy the rights of the indorsee. Story Prom. N., § 178 ; *Campbell* v. *Rusch,* 9 Iowa, 337 ; *Shipman* v. *Robbins,* 10 Iowa, 208 ; Bayley on Bills, 130, note p ; 5 Wend., 20 ; *Woods and Hobart* v. *Morgan et al.,* Morris, 179, 375 ; Sug. Ven., 181 ; *Brandt* v. *Foster et al.,* 5 Iowa, 287 ; 1 Pars. Cont., 216, note j. Equities available as a defense must be prior to the transfer, 8 Cow., 505 ; *Baker* v. *Wheaton,* 5 Mass., 509 ; *Watson* v. *Bourne,* 10 Id., 337 ; *American Bank* v. *Jenness,* 2 Met., 288 ; 1 Scam., 583 ; 6 Shep., 179 ; 1 McMullen, 258 ; 10 Conn., 30 ; 20 John., 144.

WRIGHT J.—It is first objected that, upon the issue joined, under the testimony, the finding should have been for defendant. We are very clear, however, that the finding was right. Defendant admitted the execution of the note, and set up that he had been released. Upon him was the burden of proof. So far from sustaining it, the weight of the testimony is in plaintiff's favor.

The note in suit was made to Jonathan Lyon, or order, of date October 1, 1856, due in one year. Defendant, for further defense, sets up—1. That Lyon by his bond agreed to convey to defendant certain real estate, on the payment of this note and another for the same amount, due October 1, 1858, given for the purchase money ; that both notes were due at the time of the institution of this suit, and that no deed had been tendered. 2. After setting out the consideration as above, avers that Lyon conveyed said real estate to one Turner, and that it is out of his power to convey the same to defendant, according to the terms of

his bond, and that the note was assigned to plaintiff after maturity. A demurrer to both these pleas was sustained. When the cause was before us in June, 1861, the sufficiency of these defenses was not passed upon. When it was remanded, defendant claimed the right to introduce testimony to sustain these parts of his answer, to which plaintiff objected. The objection was sustained, and this ruling is now assigned for error.

The District Court had previously sustained the demurrer to the whole answer, and defendant did not amend. This court did not interfere with that ruling, except as to the first clause. When the cause was remanded, therefore, defendant had no standing in the court below, except upon his first defense. As to the other two pleas, he was out of court.

He claims, however, that the demurrer was improperly sustained as to these pleas, and asks their examination. We think this is his right, and therefore pass upon their sufficiency.

A reference to a few facts, and the application of the principles of law governing, will be sufficient to show that the demurrer was properly sustained. It is not shown that the second note was due at the time of the assignment of the first one to plaintiff. Neither does it appear that, at the time of the execution of the bond, or the transfer of this note to plaintiff, Lyon did not have a good title to the property. It does appear, however, that Lyon had no title at the time the deed was to be made by the terms of the bond. Now this note, maturing as it did before the conveyance was to be made, was independent of the covenant to convey. And if it be admitted that it was in Lyon's hands at the time of the maturing of the bond, it would be treated as dependent, in the same manner as the last note, this rule could not operate to defeat plaintiff's action. At the time he obtained the note there was no defense to it. The

payee at that time could have maintained an action upon it, and the holder by indorsement was clothed with the same right. And being thus clothed—there being at that time no equities in favor of the defendant—those subsequently arising could not avail him against the present holder. It is true the note was overdue at the time of the negotiation, and plaintiff took it as a dishonored instrument, subject to any defenses *then* existing against it; but not subject to those that might subsequently arise. (*Campbell* v. *Rusch*, 9 Iowa, 337; *Shipman* v. *Robbins*, 10 Id., 208.)

In the last case, this language is used : " Set-off is not like payment, or a defense going to the want or failure of the consideration, or fraud in obtaining the note. These attach to the note itself, or the transaction out of which it arose, and control, qualify, or extinguish the plaintiff's right to recover, and therefore are available against an indorsee taking it after maturity." Without some qualification or explanation, this language might be deemed in conflict with the ruling now made, and therefore we refer to it. Properly understood, there is no conflict. A set-off is an equity, (not a defense,) between the parties to the paper arising out of other independent transactions. And therefore, when not governed by some statutory rule, it cannot avail the party taking the note by indorsement, though existing at the time of the negotiation. Fraud or a want of consideration attach to the note at its inception, and of course are available against the party taking it after maturity. A failure of consideration, while it in one sense attaches to the note itself, its availability depends upon the time of its occurrence. In the case of fraud, the payee could not maintain his action at the time of the transfer. So in case of a want of a consideration. In the case of a failure of consideration, he may or may not do so. If he could then his indorsee can, for he ought not to be affected by what may subsequently occur.

In this case, if the indorsee had, at the time of his purchase, gone to the defendant and made inquiry as to the validity of the note, he would have learned that at that time these defenses did not exist. It was his duty to do this, and he is presumed to have done so. He had made his two notes, one of which (that in suit) matured before he was entitled to a deed. If, subsequent to the transfer of the first note, (the transfer being after maturity,) his vendor places it out of his power to make a deed, the indorsee should not be the sufferer.

The cases of *Turners* v. *Gilchrist*, 1 Sandf. Sup. C., 53, and *Hedges* v. *Healy*, 9 Barb., 214, are in principle like the one before us. In the first case the note was transferred before due, but the *consideration* was such that the indorsee took it subject to all the equities between the maker and the payee. In the second, the note was payable to " order" — was not indorsed, but transferred by delivery only,— and it was held that the holder was not a *bona fide* indorsee, and that the note was open to any equitable defense which the maker had against it *at the time of the transfer*. In the first case it is said that the indorsee took it subject to the equities *then* existing, but not subsequent ones. These cases differ from this, only in the fact that here the note was indorsed after maturity. But in each the indorsee stands only in the place of the payee, at the time of the transfer. He is entitled to no greater protection, nor should he be subject to any greater burdens.

Affirmed.