Opinion of the Court.

## WILLIAM B. OGDEN

v.

## WILLIAM M. LARRABEE, Admr.

1. SECOND APPEAL OR WRIT OF ERROR—*what it brings before the court for consideration.* Where a case has been heard in the circuit court, reviewed in the Supreme Court, and remanded with directions as to the decree that shall be entered, a party can not, on a subsequent appeal, assign for error any cause that accrued prior to the former decision of the Supreme Court.

2. It will be presumed, where a case is determined in the Supreme Court upon its merits, and the errors assigned, that the appellant or plaintiff in error has no further objection to urge against the record, and that, if any errors exist which are not so assigned, they are waived, and he will not be permitted to assign such errors on a second appeal. He will not be permitted to have his cause heard partly at one time and the residue at another.

APPEAL from the Superior Court of Cook county ; the Hon. JOHN A. JAMESON, Judge, presiding.

Messrs. McCAGG, FULLER & CULVER, for the appellant.

Mr. JOSIAH H. BISSELL, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This bill was filed by appellee, as administrator of James Spence, deceased, and the object was, to charge appellant with the proceeds of certain notes secured by mortgage, and some other collaterals which, it is alleged, Spence had assigned to him, as agent of Butler, in 1837, to secure the payment of the purchase money of a tract of land in Chicago, sold by Butler to Spence in 1836, one half of which was subsequently conveyed to Mark Skinner, at the request and for the benefit of Spence. On the hearing, the court found appellant held the funds in trust for the estate of Spence, and, accordingly, decreed that an account should be taken. For this purpose, the cause was referred to the master, to take and state an

account, who reported there was due the sum of $32,848.48. To this report exceptions were filed by appellant, which were overruled by the court, and a final decree entered, from which an appeal was taken to this court at the September term, 1870. 57 Ill. 389.

The cause was reversed for an error in the mode of stating the account, and was remanded, with specific directions as to the decree that should be entered. We then said, the court below adopted the true rule for stating the account between the parties, and it was approved in every particular except one, viz: the court ought to have directed the master to charge the estate with one-half the original purchase money of the land contracted to Spence, on account of the one-half conveyed to Mark Skinner. After directing this single correction in the master's report to be made, the court was required to decree, in all respects, as in its former decree.

At the next succeeding term, a rehearing was asked for and allowed, on one point only, that the payments made on his contract by Spence ought not to be wholly applied on one-half the land conveyed to Skinner, but ought to be divided, so as to apply one-half of them on that, and the other half on that part of the land which was retained by Butler after forfeiture of the contract. No other ground for a rehearing was suggested. In view of the fact the payments that were made by Spence, in his lifetime, were made on the whole lot, the directions given in the original opinion were then modified, and the Superior Court required to direct the master, in making the computation, to charge appellant with one-half of the payments made by Spence, in his lifetime, on the contract, and to regard the other half of such payments as lost to the estate, according to the terms of the agreement.

On the remandment of the cause, it was again referred to the master, who stated the account between the parties in accordance with the directions given. Exceptions were taken to the report, but were overruled by the court, and a final decree rendered for the amount found due.

The cause is again brought to this court on appeal, and the only error to which our attention is called is, the decision of the court overruling a single exception to the master's report.

The item in the master's report, of which complaint is made, is, that he credited appellant with taxes paid prior to December, 1841, $37.78, when he should have allowed him credit for the sum of $136.06.

The error is said to have occurred in this way : The master took the item of $37.78 from a statement made by Mr. McCagg, from the books of appellant. The account was made up from his books when appellant was absent, and, when he came upon the stand as a witness, he states that there was a mistake in the account as rendered by Mr. McCagg, and gives the actual amount of the taxes and expenses as he finds them to be, prior to that date.

The mistake insisted upon occurred in the first report made by the master, yet it does not appear that it was excepted to, or the attention of this court called to it as a ground of error, when the cause was first before us.

In the first opinion rendered, the Superior Court, with a single exception, was directed to "decree in all respects as in its former decree," and, although counsel knew of the fact, which they now allege as error, the attention of this court was not called to it, neither on the original nor the rehearing.

Notwithstanding the former decision is conceded to be conclusive as to the law of the case, it is insisted the alleged error may be considered, for the reason it was not assigned for error on the former hearing, and the court expressed no opinion as to the correctness of this particular item.

It may be, it would subserve the ends of justice, in this instance, if we could consider the suggestion of error, but it would certainly introduce a pernicious practice not heretofore adopted in this State. There ought to be an end to all litigation, and if the doctrine insisted upon should be adopted, and the parties permitted to assign successive errors on the

same record, in complicated litigation like this, no conclusive decision could be rendered in the lifetime of the parties interested. The general rule on this subject is, that, where a cause has been heard in the circuit court, reviewed in the Supreme Court, and has been remanded with directions as to the decree that shall be entered, a party can not, on a subsequent appeal, assign for error any cause that accrued prior to the former decision. It is for the very satisfactory reason, as stated in *Semple* v. *Anderson*, 4 Gilm. 546, "it will be presumed, where a party sues out a writ of error and brings his case here for adjudication, and the same is determined upon the merits and errors assigned, that he has no further objection to urge against the record, and that if errors exist, which are not so assigned, they are waived."

The error complained of existed in the former record. The party had an opportunity then to assign it, and direct the attention of the court to it, but, having failed to do so, he ought to be estopped, upon every principle of justice, from alleging, at any future period, error in the same record. Had error intervened prior to the former adjudication, it was his duty to assign it, otherwise he will be deemed to have waived it forever. He will not be permitted to have his cause heard partly at one time and the residue at another.

In the case of *The Santa Maria*, 10 Wheaton, 431, it was held, that, after a case had been once remanded, an appeal brings up only the subsequent proceedings, but the rights growing out of and involved in those subsequent proceedings, may, in part, depend upon proceedings prior to the mandate, and in such cases the court may look into them.

In the case of *Booth* v. *The Commonwealth*, 7 Metc. 285, the writ of error was quashed, on the ground it appeared a former writ of error had been brought on the same judgment, and, upon plea of *in nullo est erratum*, the judgment was affirmed.

In every case to which our attention has been directed, where a second writ of error or appeal has been allowed, it

33—70TH ILL.

was where the merits of the entire case had not been decided, or for something occurring after the mandate.

In the case of *Duval* v. *Farmers' Bank*, 9 Gill & Johns. 31, cited by counsel, the court say, that, in the former judgment, they expressly waive the examination of the law involved in the exceptions taken, and therefore the questions are open for consideration in the latter appeal. A second appeal was entertained in *Bates* v. *Kemp*, 13 Iowa, 223, upon a similar principle.

In *Price* v. *Price's Administrators*, 23 Ala. 609, the court held the decision on the same record, in 5 Ala. 578, as conclusive of the law of the case in which it was made, and only considered the questions left open on the record before them.

Had the question of the amount of taxes and expenses paid by appellant prior to December, 1841, been waived in the former judgment, or had it arisen since the mandate, the cases cited would be authorities in point, but such is not the fact, and both reason and authority are against the propriety of considering the question upon this second appeal.

The decree of the Superior Court is in accordance with the directions given, and must be affirmed.

*Decree affirmed.*