ARTHUR W. WINDETT

*v.*

ANNA M. RUGGLES *et al.*

*Filed at Ottawa, June 19, 1894.*

1. RES JUDICATA—*a second appeal.* Where a decree is reversed and remanded with specific directions, the action of the court below pursuant thereto can not be assigned for error, nor can errors be assigned for matters prior to the former decision, such matters being regarded as *res judicata.*

2. The judgment of this court on a former hearing is conclusive on it, and can not be called in question in a subsequent proceeding in the same case. The only mode in which modifications of the final judgments of this court can be obtained, is by petition for a rehearing.

3. A party can not be permitted, after the cause has been remanded for further proceedings in conformity with the opinion and judgment, to secure, in the court below, or on a further appeal to this court, that which he failed to obtain by his petition for a rehearing.

4. APPEAL—*jurisdiction of Supreme Court—entering decree.* The Supreme Court has jurisdiction of an appeal from the final decree in a consolidated case; and on reversal of such decree, it has power itself to enter such decree as, in its opinion, upon the whole case, is consonant with justice and equity, or it may, in its discretion, remand the cause to the court below with directions as to the decree to be entered; and in determining the nature and provisions of the appropriate decree, it is not limited to a consideration of the precise question upon which the court below has rendered its decision, but is at liberty to consider and adjust all the equities of the case so far as presented by the pleadings and proofs. If it inadvertently or otherwise passes upon the equities of a bill, to which no answer has been filed, such action is a mere irregularity, which will in no way impair the binding and conclusive effect of its final judgment.

5. SAME—*complaint by party without interest.* A party who has no further interest in the premises in controversy, can not be heard to complain that affirmative relief is granted to another without any cross-bill.

APPEAL from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.

Mr. ARTHUR W. WINDETT and Mr. WM. E. HUGHES, for the appellant.

Mr. CONSIDER H. WILLETT and Mr. GEO H. STOW, for the appellee, Ruggles.

Mr. W. T. BURGESS, *pro se.*

Mr. JUSTICE BAILEY delivered the opinion of the Court:

This cause was before this court at a former term, on an appeal by Burgess from a decree rendered upon the original and supplemental bills filed by the Sawyer Goodman Company against Windett, Carter, Hurlbut, Anna M. Ruggles and others, the supplemental bill of the Sawyer Goodman Company and Burgess, and the supplemental bill of Burgess, against the same defendants, the cross-bill of Windett against Burgess, the Sawyer Goodman Company, Carter, Hurlbut, Anna M. Ruggles and others, the cross-bill of Eliza D. Windett and another against the same, and the consolidated case of Windett against Hurlbut, Carter and Anna M. Ruggles. The primary scope and purpose of these several bills, supplemental bills and cross-bills was, to open up the sale by the trustee, under a deed of trust executed August 21, 1875, by Windett to Carter, as trustee, to secure Windett's note for $12,000 to Anna M. Ruggles, and to be permitted to redeem from the deed of trust. At the sale, the premises seem to have been struck off and sold to Hurlbut, he acting in the matter and taking title for Mrs. Ruggles.

These various bills originally constituted two independent causes, one commenced by Windett against Hurlbut, Carter and Mrs. Ruggles, seeking in his own behalf to redeem, and the other by the Sawyer Goodman Company, a judgment creditor of Windett, seeking to have the sale set aside, and to subject Windett's equity of redemption to the satisfaction of its judgments. Subsequently, Burgess, having acquired some interest in the judgments, filed a

supplemental bill in the latter suit, at first jointly with the Sawyer Goodman Company, and afterwards in his own name as sole complainant. The several supplemental bills, amended supplemental bills, cross-bills and amended cross-bills, to be found in the complicated record which was submitted to this court on the former appeal, were all proceedings in one or the other of these two causes.

By an order of court entered upon the suggestion of counsel that the two causes concerned the same property, no one opposing its entry, the two causes were consolidated, and it was provided that they should be heard together, with leave to the parties to file such additional and supplemental pleadings as they might desire. At the hearing of the causes thus consolidated, a decree was entered, allowing the parties complainant to redeem, within a time limited, by paying to Mrs. Ruggles a certain sum of money, and it was ordered that, upon such payment being made, Carter, Hurlbut and Mrs. Ruggles join in the execution to the party making redemption of an instrument releasing the premises described in the deed of trust from all right, title, estate or interest acquired or held by them, or any of them, under the deed of trust; but it was further provided in the decree that if such redemption should not be made within the time limited, the amended and supplemental bills and cross-bill filed by Windett, and the cross-bill filed by Eliza D. Windett and another, in the Sawyer Goodman Company case, and the bill of Windett against Hurlbut and others consolidated therewith, be dismissed out of court for want of equity, so far as those proceedings related to the redemption of the premises covered by the deed of trust.

That decree was brought to this court on appeal by Burgess, and cross-errors were also assigned by Carter, Hurlbut and Mrs. Ruggles, and on that appeal, a judgment was entered by this court, holding that the right to redeem was barred, and that all the parties complainant were precluded from any relief in that respect, and the consolidated cause

was remanded to the Superior Court with directions to that court to dismiss all bills, amended bills, cross-bills and amended cross-bills praying that relief, at the costs of the complainants therein. *Burgess* v. *Ruggles et al.*, 146 Ill. 506.

The cause having been duly re-instated in the Superior Court, a decree was entered dismissing the supplemental bills of Burgess at his costs, and dismissing the cross-bill of Windett and the cross-bill of Eliza D. Windett at their costs, and also dismissing the bill of Windett in the consolidated cause at his costs. And it was further ordered that all bills and cross-bills, of every name and description, filed in the cause and consolidated cause, be dismissed at the costs of the parties filing the same, without prejudice to any matter in controversy between Windett and Burgess.

And it was further ordered and decreed, that the premises in controversy were the property of Anna M. Ruggles in fee simple, free and clear of any lien, claim, interest, legal or equitable, of any of the parties to the cause, or of any of the parties to any of the bills or cross-bills above mentioned. From this decree Windett now appeals to this court.

The decree now complained of, so far as we can see, was entered in strict conformity with the opinion of this court delivered on the former appeal, and in strict accordance with the mandate of this court. It is a rule too well settled to require discussion, that when a decree is reversed with specific directions, the action of the court below, pursuant thereto, can not be assigned for error. (*Boggs* v. *Willard*, 70 Ill. 315; *Chickering* v. *Failes*, 29 id. 294; *Winchester* v. *Grosvenor*, 48 id. 515; *Hollowbush* v. *McConnell*, 12 id. 203; *People* v. *Gilmer*, 5 Gilm., 242; *Washburn & Moen Manufacturing Co.* v. *Wire Fence Co.*, 119 Ill. 30.) Nor can errors be assigned for matters prior to the former decision, such matters being regarded as *res judicata.* (*Ogden* v. *Larrabee*, 70 Ill. 510; *Reed* v. *West,*

id. 479; *Kingsbury* v. *Buckner*, id. 514; *Newberry* v. *Blatchford*, 106 id. 590; *Hook* v. *Richeson*, 115 id. 431; *Green* v. *City of Springfield*, 130 id. 515; *Smyth* v. *Neff*, 123 id. 310; *Miller* v. *Pence*, 131 id. 122.)

It is contended, however, by counsel for the appellant, that the decree is erroneous in dismissing the bill of Windett against Hurlbut and others, and particularly in dismissing the amended supplemental bill filed by Windett in that case July 7, 1892, which was a few days prior to the entry of the decree brought here on the former appeal. It does not seem to be claimed that the dismissal of those bills was not directed by the mandate of this court, and such claim could not be made successfully, as the mandate contained in the final judgment of this court directed the dismissal of the bill and cross-bills, as indicated in the opinion of the court, and on turning to the opinion it will be found that it expressly directs the dismissal of all bills, amended bills, cross-bills and amended cross-bills praying to redeem the premises in controversy.

But it is claimed that, as the amended and supplemental bill of July 7, 1892, had not been answered or otherwise put at issue, it was not and could not have been adjudicated upon, and, consequently, that the subject-matter of that bill was not and could not have been heard by the Superior Court or by this court, but was a matter *coram non judice*, and that the judgment of this court, so far as it related to that bill, was without jurisdiction and void, and should have been so pronounced and held by the Superior Court when the cause was brought before that court by the remanding order.

To this contention there are at least two sufficient answers. In the first place, there is no record now before this court showing whether the amended and supplemental bill in question had been answered or was at issue or not, or from which it can be seen that the matter of that bill was not before the court as a part of the consolidated case in

which the hearing was had and in which the former decree was rendered. The transcript of the record now before us was made up by the clerk of the court below in obedience to a præcipe filed by the appellant, directing the preparation of a transcript, consisting only of certain specified and enumerated papers and documents, and the certificate shows it to be only a transcript of the record as per such præcipe. As to the parts of the record omitted, of course we can know nothing. Among the papers included in the transcript is the amended and supplemental bill of July 7, 1892, but as to whether there was on file an answer, plea or demurrer, the transcript is absolutely silent. An order of the court requiring the defendants thereto to answer instanter is shown, but whether the order was or was not complied with does not appear. No further reference is made in the present transcript to the matter of this amended and supplemental bill except the order in the present decree dismissing all bills, cross-bills, etc. The former decree, however, contained this recital: "It is expressly declared by the court that the only adjudication intended to be made by this decree is to fix the basis and terms upon which said premises may be redeemed by the parties or party heretofore by the court, in its interlocutory decrees and orders, adjudged to have that right, all other rights and remedies, if any, involved in these proceedings, are to be and remain without prejudice by reason of this decree, the parties respectively having reserved to them all such rights, if any such be involved therein, and the right to pursue the same, either by actions at law or suits in equity, or, if appropriate, by supplementary proceedings herein."

In all this there is no proper showing that the original bill by Windett against Hurlbut and others, and also the amended and supplemental bill in question, were not before the court as a part of the consolidated case which was heard, and in which the former decree was rendered. In both of these bills the right to redeem was asserted, al-

though on somewhat different grounds, and as the court, by its decree, sustained that right, it does not appear, at least from this transcript, that the right to redeem was not sustained, in part or in whole, upon the prayer of one or both of these bills. And this court having decided on appeal that the right to redeem had long since been foreclosed and extinguished, a judgment of dismissal of the several bills praying for redemption followed logically and necessarily. So far, then, as can be gathered from the record now before us, there was no want of jurisdiction in the Superior Court or in this court to adjudicate upon the equities set up in the bill of Windett against Hurlbut and others, or in his amended and supplemental bill against the same parties.

But another ground for denying the appellant's contention in this behalf is, that the former judgment of this court is conclusive, and can not be called in question in this subsequent proceeding. The only mode in which modifications of the final judgments of this court can be obtained is by petition for a rehearing, and if a party has failed to avail himself of that mode, or has resorted to it unsuccessfully, his remedy is at an end. He can not be permitted, after the cause has been remanded for further proceedings in conformity with the opinion and judgment of this court, to secure in the court below, or on a further appeal to this court, that which he failed to obtain by his petition for a rehearing. The case is not one for the application of the doctrine that, where a court is without jurisdiction, its judgment is void and subject to collateral attack. This court had jurisdiction of the appeal from the final decree in the consolidated case. On reversal of the decree, it had power itself to enter such decree as, in its opinion, upon the whole case, was consonant with justice and equity, or it might, in its discretion, remand the cause to the court below with directions as to the decree to be entered. And in determining the nature and provisions of the appropriate

decree, it was not limited to a consideration of the precise question upon which the court below had rendered its decision, but was at liberty to consider and adjust all the equities of the case, so far as presented by the pleadings and proofs. If, inadvertently or otherwise, it passed upon the equities of a bill to which no answer had been filed, such action was at most a mere irregularity, which in no way impaired the binding and conclusive effect of the final judgment of the court.

The appellant also makes the point, that the present decree is erroneous, because it grants Mrs. Ruggles affirmative relief, by way of establishing and confirming her title, no cross-bill having been filed in her behalf. To this point it is sufficient to say, that, as the appellant had no further interest, either legal or equitable, in the premises in controversy, that portion of the decree which established Mrs. Ruggles' title is a matter which does not concern him, and of which he has, therefore, no cause to complain.

We find no error in the present decree, and it will accordingly be affirmed.

*Decree affirmed.*