HARRY V. BAILEY, Admr., Plaintiff in Error, *vs.* ARCHIE
L. ROBISON *et al.* Defendants in Error.

*Opinion filed February 16, 1910.*

1. WITNESSES—*an administrator is a competent witness in his
own behalf in suit on note.*  An administrator is a competent wit-
ness in his own behalf in a suit by him to collect notes due the
estate even though his wife is sole heir of the intestate, as the
disqualification of the statute is not against the party suing or de-
fending as administrator, but against the party suing or defending
adversely to the administrator.

2. PRACTICE—*effect of Appellate Court's first decision as to its
being the law of the case.*  The fact that the Appellate Court's de-
cision of a question of law upon first appeal may be binding in
that court as the law of the case upon subsequent appeals does not
bind the Supreme Court to such view of the law.

3. SAME—*general rule as to estoppel to assign error on subse-
quent appeals.*  It is a general rule that where a cause has been
remanded with directions, the party appealing will not, upon sub-
sequent appeals, be permitted to assign for error any matter which
occurred prior to the first appeal and which he could have as-
signed for error on such appeal.

4. SAME—*when a party is not estopped by a failure to assign
cross-error.*  Where a judgment in favor of an administrator is
reversed by the Appellate Court upon the ground that statements
made by him when offered as a witness were prejudicial to the
defendants though the trial court held him to be an incompetent
witness and excluded his statements, and the cause is remanded
without directions, the fact that he did not assign cross-error on
the ruling of the trial court holding him to be incompetent does
not estop him from assigning a like ruling as error upon his ap-
peal from a judgment for the defendants in a subsequent trial.

VICKERS and HAND, JJ., dissenting.

WRIT OF ERROR to the Appellate Court for the Third
District;—heard in that court on appeal from the Circuit
Court of Tazewell county; the Hon. N. E. WORTHING-
TON, Judge, presiding.

This was an action of assumpsit brought by plaintiff
in error, as administrator of the estate of Alexander Mc-
Coy, deceased, on two promissory notes. .Each of the said

notes was dated June 29, 1898, and each was for $1000, payable one year after date, with interest at six per cent per annum from date. They were both executed by defendants in error and one of them was made payable to plaintiff's intestate. The other was payable to the order of Harry V. Bailey and was by him endorsed to Alexander McCoy. Both of said notes were found among the papers of Alexander McCoy after his death, in 1902, and bore no endorsements, except that the interest for the years 1899, 1900 and 1901 was endorsed paid on each of them. Defendants in error admitted liability on the notes in the sum of $624.25 and pleaded a tender of the same, and upon its being refused it was paid into court subject to the order of plaintiff in error. As to the balance of said notes defendants in error pleaded set-off and payment, upon which pleas issue was joined. On the last trial in the circuit court there was a verdict and judgment for defendants in error and the plaintiff in error appealed to the Appellate Court. That court affirmed the judgment of the circuit court, and this writ of error is sued out to review the judgment of the Appellate Court.

A full statement of all the facts relating to the controversy will be found in the opinions of the Appellate Court and this court hereafter referred to.

W. R. CURRAN, and WILLIAM A. POTTS, for plaintiff in error.

GEORGE C. RIDER, and PRETTYMAN, VELDE & PRETTYMAN, for defendants in error.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

This case has been four times before the Appellate Court. The three published opinions of that court will be found in *Robison* v. *Bailey,* 113 Ill. App. 123, *Bailey* v.

244—2

*Robison,* 123 id. 611, and *Robison* v. *Bailey,* 137 id. 470.
This is its second appearance in this court. (*Bailey* v.
*Robison,* 233 Ill. 614.) The last trial resulted in a verdict
and judgment for defendants in error, which have been
affirmed by the Appellate Court, and the record is now be-
fore us for review on a writ of error to the Appellate Court.

Plaintiff in error has argued at considerable length the
facts and the weight of the evidence, but as these questions
are not subject to review by this court they will not be
considered.

The most important of the errors of law assigned is the
ruling of the circuit court, and its approval by the Appel-
late Court, in holding that plaintiff in error was an incom-
petent witness. There was evidence that the defendant in
error Archie L. Robison gave plaintiff's intestate a check
for $1500 December 28, 1901, which was after the ma-
turity of the notes sued on, and that this check was paid
by the bank to Alexander McCoy in his lifetime. Defend-
ants in error contended that this was a payment on the
notes in controversy. The deceased kept his notes in the
Farmers' National Bank in the city of Pekin, and plaintiff
in error, who was the son-in-law of the deceased, was of-
fered as a witness in his own behalf and was sought to be
examined as to his knowledge of the contents of the pack-
age in which deceased kept his notes during his lifetime.
The object, as appears from the questions asked, was to
prove that on the day the $1500 check was given to the
deceased he had other notes of defendants in error besides
the two sued on and the one for $1500 paid to plaintiff in
error after the death of Alexander McCoy. Objection was
made by counsel for defendants in error to his testifying,
on the ground that he was an incompetent witness. The
incompetency alleged was that he was the administrator and
his wife was sole heir of the deceased. The objection was
sustained and the witness was not permitted to testify to
anything that occurred prior to the death of Alexander

McCoy. This ruling of the court was one of the errors assigned in the Appellate Court.

It appears plaintiff in error was called as a witness by defendants in error on the first trial in the circuit court to identify certain transactions between them and the deceased, and to prove the payment by them to the witness, as administrator, of certain sums due on notes payable to the intestate. During his testimony he volunteered statements as to the existence of other notes of defendants in error to Alexander McCoy besides those in controversy and the note which had been paid by defendants in error after the death of McCoy. These statements, on motion of defendants in error's counsel, were stricken out. On cross-examination he repeated similar statements. In rebuttal plaintiff in error was called as a witness in his own behalf, apparently for the purpose of testifying as to other matters, but during his testimony he again made similar statements. All these statements were stricken out and the conduct of the witness in making them was assigned as error on the appeal to the Appellate Court. That court held he was an incompetent witness, and that his repeated statements, though stricken out by the court, were so prejudicial as to require a reversal of the judgment, and the cause was remanded for a new trial. It does not appear plaintiff in error was offered as a witness at any of the subsequent trials until the last one, and the trial court held him incompetent to testify as a witness to any facts or transactions occurring prior to the death of Alexander McCoy. The Appellate Court, in its opinion on the last appeal, expressed the view that upon fuller consideration plaintiff in error was a competent witness, but held it was bound by the view adopted and expressed upon this question in its first opinion and that it was not at liberty to reverse the judgment upon that error.

We agree with the last opinion of the Appellate Court that plaintiff in error was a competent witness. The dis-

qualification, under the statute, is not against the party suing or defending as administrator, but against the party suing or defending adversely to the administrator. (*Illinois Central Railroad Co.* v. *Reardon,* 157 Ill. 372; *Steele* v. *Clark,* 77 id. 471.) In *Patterson* v. *Collar,* 34 Ill. App. 632, it was held that on the trial of a claim against an estate of a deceased person the administrator is a competent witness though his wife was an heir of the intestate. That case was affirmed by this court in *Collar* v. *Patterson,* 137 Ill. 403, but this question was not discussed in the opinion. We think the ruling of the trial court in holding that plaintiff in error was an incompetent witness was clearly erroneous, and the error was so prejudicial in character that if the question is presented for our review it necessitates a reversal of the judgments of the Appellate and circuit courts.

Defendants in error contend that the competency of the plaintiff in error as a witness was involved in the first appeal to the Appellate Court, he having been held incompetent at the first trial, and one of the grounds upon which a reversal of the judgment in his favor was urged by defendants in error, who were then appellants, was, that when called by them to testify on other matters, and when called as a witness in rebuttal on his own motion, he volunteered statements of matters prior to the death of Alexander McCoy which the court held incompetent and struck out of the record, but it was contended on the appeal that defendants in error were prejudiced by such voluntary statements notwithstanding they were struck out. It is said that the plaintiff in error did not, on said first appeal, question, by assignment of cross-errors, the correctness of the ruling of the trial court in holding plaintiff in error to be an incompetent witness and that he is now estopped from raising that question. We do not think the rule sought to be invoked here is applicable. The rule undoubtedly is that on a second appeal by the same party, where the case has been remanded with directions, he will not be permitted to as-

sign for error any matter that occurred prior to the first appeal and which he could have assigned on said first appeal. It is the duty of a party appealing, to direct the court's attention, by assignments of error, to all the errors claimed to exist in the record, and on a second appeal in the same case the appellant will not be permitted to allege an error contained in the record on the first appeal. In *Ogden* v. *Larrabee*, 70 Ill. 510, this court said (p. 513) : "The general rule on this subject is, that where a cause has been heard in the circuit court, reviewed in the Supreme Court and has been remanded with directions as to the decree that shall be entered, a party cannot, on a subsequent appeal, assign for error any cause that accrued prior to the former decision. It is for the very satisfactory reason, as stated in *Semple* v. *Anderson*, 4 Gilm. 546, 'it will be presumed, where a party sues out a writ of error and brings his case here for adjudication and the same is determined upon the merits and errors assigned, that he has no further objection to urge against the record, and that if errors exist which are not so assigned they are waived.' The error complained of existed in the former record. The party had an opportunity then to assign it and direct the attention of the court to it, but having failed to do so he ought to be estopped, upon every principle of justice, from alleging, at any future period, error in the same record. Had error intervened prior to the former adjudication it was his duty to assign it, otherwise he will be deemed to have waived it forever. He will not be permitted to have his cause heard partly at one time and the residue at another."

The above has always been the rule and has been repeatedly adhered to in subsequent decisions, but the question here presented is not within that rule. At the first trial of the case plaintiff in error secured a judgment with which he was satisfied. The opposite party prosecuted an appeal, and the Appellate Court reversed the judgment and remanded the case for a new trial without any directions.

We have above set out the circumstances under which the competency of plaintiff in error as a witness was presented to the Appellate Court for decision, as shown by the opinion of that court. We are unable to see how the failure of plaintiff in error to assign cross-errors in the Appellate Court on the first appeal places him in any different position from what he would have been in if he had assigned cross-errors and they had not been sustained. If the holding of the Appellate Court on the first appeal, that plaintiff in error was an incompetent witness, was binding on that court on a subsequent appeal, this would have been the result whether cross-errors were assigned or not. The question of plaintiff in error's competency does not appear to have been involved in the second and third appeals to the Appellate Court. Counsel say this was because he was not offered as a witness to testify to anything that occurred prior to the death of his intestate. On the last trial in the circuit court he was offered as a witness and his competency insisted upon. The trial court held him incompetent, to which ruling plaintiff in error excepted, and the ruling was assigned for error in the Appellate Court on the last appeal. That court sustained the trial court on the ground that it could not review its former decision on that question; that the question was *res judicata* in that court, and although the court was of opinion it had been decided wrong on the first appeal, it was bound to follow its first opinion. Conceding the correctness of this view of the Appellate Court and that its holding on the first appeal became the "law of the case" in that court, upon subsequent appeals it does not follow that this court is bound by it. (*Zerulla* v. *Supreme Lodge,* 223 Ill. 518.) It seems clear that as the question is here presented the rule announced in *Ogden* v. *Larrabee, supra,* and other cases, can have no application, and there are no grounds upon which plaintiff in error can be held to be estopped from insisting upon his assignment of error in this court and having it decided.

This litigation has been so prolonged that we would not be disposed to interfere with this judgment except for clear and prejudicial error. The refusal to permit plaintiff in error to testify was such an error, and however much we regret to do so, it is our imperative duty to reverse the judgments of the Appellate and circuit courts and remand the case to the circuit court for a new trial.

*Reversed and remanded.*

VICKERS and HAND, JJ., dissenting:

We do not concur in the majority opinion, which reverses the judgments of the circuit and Appellate Courts and remands the cause for another trial.

The only alleged error pointed out in the majority opinion is the refusal of the trial court to permit Harry V. Bailey to testify to facts occurring prior to the death of Alexander McCoy, of whose estate the witness was administrator. Conceding that the majority opinion correctly holds that Bailey was a competent witness, in our opinion the question of his competency is not properly preserved for review on this record. The circumstances under which it is assumed in the majority opinion that the question is saved for review, as shown by the abstract, are as follows:

Bailey was sworn as a witness for the plaintiff below, and after stating his age and residence and that he was the administrator of the McCoy estate he was asked this question: "State if you have any acquaintance with a package said to contain notes that Dr. McCoy had on deposit in the Farmers' National Bank, in the city of Pekin, Illinois, before his death." Counsel for the defendants objected to the witness "testifying in this case because he is an incompetent witness, he being the administrator of the estate of Alexander McCoy, deceased, and his wife being the sole heir of Dr. McCoy." Thereupon the court said: "What do the words 'before his death' refer to in the question, Judge Curran?—the acquaintance of the witness with that

package before Dr. McCoy's death?" Upon receiving an affirmative answer from Judge Curran the court further said: "The testimony in this case shows the administrator, Dr. Bailey, is the husband of the only heir to this estate, and it seems clear to me that under the authorities the administrator is incompetent to testify to anything occurring before the death of Dr. McCoy. The objection to the last question will be sustained." The plaintiff excepted, and thereupon counsel for the plaintiff said that he desired to ask several questions along the same line in order to make a record, and the following questions were asked but not answered by the witness, the objection having been sustained to each one of the questions and an exception preserved to the ruling:

Q. "State if you know who put the papers of Dr. McCoy into the package that you have mentioned and placed that package in the Farmers' National Bank during the lifetime of Dr. McCoy.

Q. "About what date was the package containing the papers of Dr. McCoy placed in the Farmers' National Bank during the lifetime of Dr. McCoy?

Q. "Did you see the contents of the package of Dr. McCoy in the lifetime of Dr. McCoy and on and before the 28th day of December, 1901?

Q. "Immediately prior to the 28th day of December, 1901, state if you know how many notes there were in the package you have been asked about, belonging to Dr. McCoy and signed by A. L. Robison and Lida Robison, his wife, or signed by A. L. Robison alone. State how many there were and what were the various amounts of them."

Following these questions the witness was interrogated and permitted to answer in regard to transactions occurring after the death of Dr. McCoy.

It will be noted that there is an entire absence of any offer on behalf of plaintiff below to prove any material fact by the witness Bailey. Unless it appears in some way that

the witness would have given material evidence had he been permitted to answer the questions to which objections were sustained, it is impossible for this court to determine whether the alleged error was prejudicial to the cause of the party on whose behalf the witness was offered. If the witness had been permitted to answer the questions propounded to him and his answers had been favorable to the other party or had shown that he had no knowledge of the subject concerning which he was interrogated, there could have been no injury resulting to plaintiff below from the ruling of the court in this regard.

In the case of *Ittner Brick Co.* v. *Ashby*, 198 Ill. 562, this court announced the familiar rule that in order to justify a reversal on account of a ruling excluding evidence, the evidence must be material to the cause of the party offering it and that the materiality of the evidence must be made to appear in some way by the record. On page 565, in discussing this question, it was said: "If Ittner was a stockholder of the appellant at the time of the injury, under the repeated decisions of this court (*Thrasher* v. *Pike County Railroad Co.* 25 Ill. 393; *Consolidated Ice Machine Co.* v. *Keifer*, 134 id. 481; *Albers Commission Co.* v. *Sessel*, 193 id. 153;) he was incompetent to testify against the appellee, who was suing as the representative of James Askew, deceased. The question whether the witness was a stockholder was left in doubt, and it does not appear that the evidence was held incompetent by reason of the fact that he was a stockholder. In any event, as there was no offer made by counsel and no statement of what he expected the witness would answer, and the record is entirely silent as to what appellant expected to prove by the witness, it does not appear that the appellant was injured by reason of the rejection of the testimony. For aught that appears, the conversation sought to be elicited from the witness was immaterial, unimportant or in favor of appellee, and therefore valueless to appellant. To overcome the presumption

that the ruling of the trial court was right, the bill of exceptions must affirmatively show that error was committed. What appellant claims the answer would be, must be made to appear before it can be determined that it was prejudicial error to exclude the answer."

The rule laid down in the foregoing case has often been applied by this court and is so familiar that it is not necessary to cite all of the cases where it has been applied. See *Mallers* v. *Crane Co.* 191 Ill. 181; *Martin* v. *Hertz,* 224 id. 84.

We think the judgment should be affirmed.