Robison v. Bailey.

---

## Archie L. Robison, et al., v. Harry V. Bailey, Admr., etc.

1. PAYMENT—*burden of proof to establish.* The burden to prove payment is upon the party pleading it, and the mere fact that such a party has shown a payment to the other party, does not conclusively establish that such payment was made and received upon the particular obligations in suit, but such question is to be determined, as a matter of fact, from all the facts and circumstances in evidence.

2. REMITTITUR—*when, cures action of jury in disregarding instruction.* Where the jury has disregarded an instruction and rendered a verdict inclusive of a particular amount excluded by such instruction, a remittitur of such amount effectually cures such improper action of the jury.

3. INSTRUCTIONS—*when, may ignore defenses.* Instructions are not erroneous where they ignore a particular defense not supported by any evidence in the record.

4. CONDUCT OF COUNSEL—*when, ground for reversal.* Held, in this case, that frequent, voluntary statements by a party, of incompetent matters, coupled with the action of his counsel in repeatedly attempting

in the face of sustained objections to elicit information in regard to
such matters, is ground for reversal. (See reporters' note.)

Action of assumpsit. Appeal from the Circuit Court of Tazewell
County; the Hon. GEORGE W. BROWN, Judge, presiding. Heard in this
court at the November term, 1903. Reversed and remanded. Opinion
filed March 16, 1904.

GEORGE C. RIDER and PRETTYMAN & VELDE, for appel-
lants.

WILLIAM A. POTTS and W. R. CURRAN, for appellee.

MR. PRESIDING JUSTICE BAUME delivered the opinion of
the court.

This is an action in assumpsit by appellee against appel-
lants to recover the amount of two promissory notes for
$1,000 each, dated June 29, 1898, payable to appellee's
intestate, Alexander McCoy, one year after date with
interest from date at six per cent per annum. Appellee
under date of April 21, 1903, filed with his declaration his
affidavit showing $2,217.80 due on said notes. Appellants
pleaded, first, the general issue, with affidavit of merits as
to the whole of the demand, except the sum of $624.25;
second, payment by appellant, Archie L. Robison, on De-
cember 30, 1901; third, tender as to the sum of $638.90,
and payment of said sum in court on September 15, 1903,
together with costs of suit up to that time; and, fourth, set-
off, consisting of the common counts for money had and
received, etc., and claiming $2,000 due from appellee's
intestate to appellant, Archie L. Robison. Upon issue
joined, the case was tried by a jury resulting in a verdict
in favor of appellee for $2,265.60. From this verdict ap-
pellee, against the objection of appellants, was allowed to
remit $638.90, being the amount of the tender, and judg-
ment was entered for $1,626.70 and costs, less $9.80, costs
tendered and paid by appellants.

The record disclosed that appellants and Alexander Mc-
Coy had numerous business transactions prior to the death
of the latter on April 22, 1902, and notes other than the two
sued on, together with checks in payment of principal and

interest thereon, were introduced by appellants as evidencing such transactions. We do not deem it necessary to an understanding of the issues involved to set out or refer to all such transactions in detail. The crucial issue in the case is, whether the check on the Farmers' National Bank of Pekin, "Exhibit D," for $1,500, bearing date December 28, 1901, given by appellant Archie L. Robison to Alexander McCoy, and paid to the latter in the regular course of business, was a payment on the notes sued on. If it was, the verdict and judgment should have been for appellants, as it is conceded that the tender made by them of $638.90, together with the amount realized on said check, aggregates the amount due on the notes in question. The notes sued on, with payments of interest indorsed thereon, together with a note, "Exhibit G," for $1,500, dated February 14, 1902, executed by appellants, were, after the death of Alexander McCoy, found with his papers, kept as a special deposit in the Farmers' National Bank, and came into the hands of appellee, as his administrator. The note "Exhibit G" was paid by A. L. Robison to appellee, April 8, 1903.

There is no direct evidence in the record tending to show that the check, "Exhibit D," was given and accepted as a payment on the notes sued on, the transaction being between Alexander McCoy and appellant, A. L. Robison, in the absence of any third party, and no receipt or indorsement on the notes being shown. The appellants having pleaded payment of $1,500 on the notes in question, the burden of proof was on them to sustain such plea. Proof merely of the payment of $1,500 by appellants to Alexander McCoy after the maturity of such notes, would not determine conclusively that the payment was made upon the notes. Smith's Appeal, 52 Mich. 415. That such payment was sufficient in amount to liquidate one of the notes in full and authorize an indorsement on the other of one-half its face; that neither note was surrendered to appellants, but both notes were retained by appellee's intestate, and were found among his papers after his death without any

indorsement of such payment; that this is contrary to the usual method of transacting such business and was contrary to the prior conduct of the parties in the various transactions between them; that no satisfactory explanation appears for the failure of appellants to take up one of their obligations or to insist upon and procure proper indorsement of the payment, are all facts and circumstances in the case proper to be considered by the jury in determining the issue of payment, and sufficient in our judgment to authorize a verdict for appellee on that issue.

It remains to be determined whether any error intervened during the progress of the trial, prejudicial to appellants, that makes it the duty of this court to reverse the judgment and remand the cause for another trial.

The second instruction given at the request of appellants told the jury that if they believed from the evidence that when the check for $1,500 was given to Alexander McCoy the defendants did not owe McCoy anything except the two notes for $1,000 each, sued on, then the defendants were entitled to a credit of said sum of $1,500 on said notes, and it is insisted that the jury disregarded such instruction in finding a verdict for the plaintiff. This instruction was, we think, more favorable to appellants than the law of the case warrants. As we have heretofore said, the burden of proof was on appellants under their plea of payment, to show payment of the notes sued on. This instruction, by implication at least, cast upon appellee the burden of showing that appellants were, at the time of the payment of the $1,500, indebted to Alexander McCoy otherwise than for the two $1,000 notes sued on. As to the burden of proof on the plea of payment, the jury was properly instructed by appellants' fifth instruction and by appellee's given instruction " D."

At the request of appellants the court instructed the jury that if they believed from the evidence that the defendants on September 15, 1903, paid into court the sum of $638.90, together with costs of suit up to that time, they should give the defendant credit for said sum without re-

gard to whether the plaintiff has accepted said money or not. While it is true that the jury disregarded this instruction, in returning a verdict for the full amount due on the notes, appellants, by the remittitur of $638.90, were placed in the same position as they would have been if the verdict had been for the lesser amount. The court by allowing a remittitur awarded to appellants the credit which the jury should have awarded in their verdict.

Appellee's given instruction "B" is as follows: "The court instructs the jury that if you believe from the evidence in this case that the defendants executed and delivered to Alexander McCoy in his lifetime, the notes mentioned and described in the declaration, and further believe from the evidence that said notes have not been paid by the defendants or either of them to the said Alexander McCoy during his lifetime, or to the plaintiff since his decease, then you should find for the plaintiff." It is urged that this instruction is erroneous, and that it disregards the defenses of tender and set-off. What we have heretofore said disposes of the criticism so far as it relates to the defense of tender, and we think it is equally untenable as to the defense of set-off. There is no evidence in the record fairly tending to sustain the plea of set-off, and it was not error to ignore the defense in the instruction. Kellogg v. Boyden, 126 Ill. 378.

Another reason urged by appellants for a reversal of the judgment is, that appellee, when called as a witness in the case, improperly and over their objection testified to the existence of a $1,500 note, other than "Exhibit G," given by appellants to Alexander McCoy. It is insisted, that, although appellants' counsel objected to such testimony, which objections were in the main sustained by the court, and the testimony ordered stricken out, it operated to the prejudice of appellants by improperly bringing to the attention of the jury the important fact specially favorable to appellee that there was a $1,500 note in existence, to the payment of which the check, "Exhibit D," in question, might have been applied, rather than to the payment of the

note sued on, to prove which fact appellee was an incompetent witness. Appellee was called as a witness by appellants, to identify certain transactions between appellants and Alexander McCoy, and as to the payment by appellants to him, of the amount due on some notes payable to his intestate. During the course of his direct examination, appellee volunteered a statement as to the existence of another $1,500 note, which on motion of appellants' counsel was stricken out. On cross-examination by his own counsel appellee repeatedly volunteered statements to the same effect, to which objections by appellants' counsel were sustained and such statements ordered stricken out. On further cross-examination, counsel for appellee asked the witness a question predicated upon and implying the existence of such other $1,500 note, reference to which by the witness had theretofore been held by the court to be improper, but which question the witness over objection was permitted to answer. During a colloquy between court and counsel, relative to the competency of a line of cross-examination, counsel for appellee said to the court: " We say that the $1,500 note in evidence here (referring to ' Exhibit G ') is not the only $1,500 note given; that there was another $1,500 note given and was given in place of this note the witness holds in his hands (' Exhibit M '); " whereupon the witness, appellee, interjected the statement, " Yes, and if poor Dr. McCoy was alive he would produce the note." This statement of the witness was, upon objection, stricken out. In rebuttal appellee was called as a witness in his own behalf and again volunteered statements as to the existence of such other note. Appellee's counsel in the course of his examination of appellee, repeatedly propounded to him questions in the line of examination relative to such note, to which objection had been sustained. Counsel for appellee insists that the evidence of appellee in regard to such other note was properly before the jury, in answer to a question to which no objection was made by appellants' counsel. While the record shows that the question last referred to was answered by appellee without objection, it also shows

that the court instructed the witness not to testify to occurrences prior to the death of his intestate and on motion of appellants' counsel excluded such incompetent testimony of the witness.

Appellants were incompetent to testify to transactions with appellee's intestate and no effort was made to interrogate either of them relative to any such transactions. Appellee was also incompetent to testify to any transaction occurring prior to the death of his intestate. The trial of the case imposes upon the court and counsel a strict application of, and adherence to, well recognized rules of evidence in order that the jury may arrive at a verdict predicated upon competent evidence only. We are compelled to the conclusion that the frequent voluntary statements of appellee as to the existence of another $1,500 note, the permitting appellee to answer a question based upon its existence, and the repeated effort in the face of objection to elicit from appellee incompetent evidence in relation thereto, was so prejudicial to appellants, as to require the judgment to be reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Hon. GEORGE W. BROWN, late Presiding Justice of this court, having presided at the hearing of this cause in the trial court, did not participate in the foregoing opinion.

REPORTERS' NOTE. The point decided in the fourth paragraph of the syllabus of this opinion has been recently twice passed upon by the appellate courts of this state. See The Pioneer Reserve Assn. v. Jones, 111 Ill. App. 156, and *contra*, Henrietta Coal Co. v. Campbell, 112 Ill. App. 452.