## Harry V. Bailey, Administrator, v. Archie L. Robison et al.

1. PAYMENT—*what tends to rebut.* The giving of a new note to the payee of a certain other note claimed to have been paid before such other note has been canceled or surrendered, tends to show that such other note has not been paid.

Action of assumpsit. Appeal from the Circuit Court of Tazewell County; the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in this court at the May term, 1905. Reversed and remanded. Opinion filed February 1, 1906.

W. R. CURRAN and WILLIAM A. POTTS, for appellant.

GEORGE C. RIDER and PRETTYMAN & VELDE, for appellees.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This was an action in assumpsit brought by appellant, as administrator of the estate of Alexander McCoy, deceased, to recover upon two promissory notes made by appellees on the 29th day of June, 1898, for the sum of $1,000 each, due in one year, with interest at the rate of six per cent.

Defendants made a tender of $624.25 with costs and upon the trial relied upon pleas of payment and set-off; setting up therein that a certain check (exhibit "D") made by said Archie L. Robison to deceased on the 28th day of December, 1901, for the sum of $1,500 should have been applied in partial payment of said two notes.

A verdict was returned in favor of appellees upon which judgment was rendered and from which the administrator appeals.

Upon the trial appellees offered in evidence a number of other notes and checks between the parties to which objection was made and sustained. There was no evidence of any kind to show that these other notes and checks, together with those already in evidence, constituted all the transactions between deceased and the Robisons. To make such offers competent as tending to show that exhibit

"D" was a payment upon the notes sued on, it was essential for appellees to show that such matters embraced the entire transactions between the parties. Counsel for appellees recognized the force of the objection upon the trial when they said (at the time they were identifying the notes and checks) that: "We are trying to show an account of every cent of money that was passed between these parties in all their business transactions."

These matters so offered under the evidence had no relation to the notes and check in controversy and were properly excluded.

Appellees offered in evidence the check dated December 28, 1901, for $1,500 made by A. L. Robison and payable to said deceased, which the court admitted in evidence (exhibit D), as tending to prove payment or partial payment of the notes sued on. In this there was no error; for while the check of itself would not prove payment, yet it was competent evidence as tending to show that fact, if it was a fact. There was, however, no other evidence offered in the case sufficient to show that exhibit D was, in fact, a payment upon the notes in controversy, and in the absence of such other evidence said exhibit D did not sustain the plea of abatement.

The force of this exhibit has been previously discussed by us to a considerable extent, when this case was before the court at a former time. Robison v. Bailey, 113 Ill. App. 123. And to discuss the matter farther would be to repeat what we have already there said. We are now constrained to hold that the jury were not warranted in finding that exhibit D was a payment upon the notes sued on, and that the verdict is against the manifest weight of the evidence.

Appellant offered in evidence upon rebuttal a note (exhibit G), dated February 14, 1902, made by said A. L. and Lida Robison to said deceased for the sum of $1,500, due in one year from its date, which, on objection, was excluded by the court. This was error. The giving of this note to deceased within a short time after the check (exhibit D) was given, and while the notes in controversy were still

under the control of deceased and uncanceled, tended to show that those notes had not been paid. It shows that the parties met and did business together after the Robisons claim they had paid at least one of the notes in dispute and while neither of the notes had been surrendered; that they obtained no receipt or acknowledgment from deceased of such payment. The fact that exhibit G had been paid at the time of the trial in no way deprived the paper of its character as evidence.

For the reasons above stated, the judgment must be reversed and the cause remanded.

*Reversed and remanded.*