### Archie L. Robison et al. v. Harry V. Bailey, Administrator.

PEREMPTORY INSTRUCTION—*when should be given; when not.* If there is but a scintilla of evidence tending to prove the material allegations of the declaration, the jury should be directed to return a verdict for the defendant. If there is in the record any evidence from which, if it stood alone, the jury might, without acting unreasonably, in the eye of the law, find that all the material allegations of the pleading have been proven, then the issue should be submitted to the jury.

Assumpsit. Appeal from the Circuit Court of Tazewell county; the Hon. HARRY HIGBEE, Judge, presiding. Heard in this court at the May term, 1907. Affirmed. Opinion filed December 7, 1907.

GEORGE C. RIDER and PRETTYMAN & VELDE, for appellants.

WILLIAM A. POTTS and W. R. CURRAN, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

This suit has been before this court twice before on appeal and in each instance reversed and remanded. The first opinion is reported in 113 Ill. App. 123, and the second in 123 Ill. App. 611, where the matters in controversy are recited at such length that it is now unnecessary to make a detailed statement of the transactions between the parties. Since the cause was reversed in the latter of the two opinions above referred to it has been twice tried. Upon the former of such two trials there was a verdict in favor of the appellants, which upon motion the court set aside. At the December term, 1906, of the said Tazewell County Circuit Court the cause was tried for the fourth time. At the conclusion of all the evidence for defendants (appellants here) upon such last trial the court instructed the jury to return a verdict in favor of plaintiff in that court (appellee in this court) which was done accordingly. There was a judgment on the verdict in the sum of $1,947.70 (being the amount due on the notes sued on less a tender), in favor of appellee, from which appellants have appealed to this court.

Appellants' primary liability upon two notes is admitted and the only issue presented is upon the plea of payment.

Upon the trial appellants offered in evidence a check for $1,500, made by A. L. Robison to A. McCoy, deceased, as tending to support the plea of payment and offered to give in evidence in further support of such plea the inventory of the estate of A. McCoy, deceased, made about fourteen months after the date of said check and about one year after the death of

McCoy. The trial court ruled that the inventory was incompetent and immaterial as not tending to prove the plea of payment and also ruled that, while the check was a scintilla of evidence, yet it, of itself alone, was not sufficient to be considered by the jury in support of such plea of payment and directed them to return a verdict in favor of appellee. These two rulings of the trial court are assigned for error.

We are at a loss to understand how the inventory of deceased, made nearly one year after McCoy's death, tends in any way to show payment of money upon any particlar claim made to deceased over three months prior to his death. To hold it competent in support of a plea of payment would be to open the door to mere speculation. Inquiry would have to be made as to how much of the money represented by the check had been used by deceased while alive, in his living expenses or in his sickness while ill; how much he had given away or divided among his children; how much of his estate had been inventoried and how much divided after his death and not inventoried. These and many other questions would have to be taken into consideration in affording a basis for making what would be, at best, a mere conjecture. The trial court properly held the inventory in no way tended to sustain the plea of payment.

The two notes sued on were dated June 29, 1898, each for the sum of $1,000, which were in the custody of McCoy at the time of his death and upon each of which the last indorsement was one of interest in the sum of $60 on the twenty-eighth day of June, 1901. The check was made by A. L. Robison to McCoy for $1,500 on December 28, 1901, and was paid by the bank upon which it was drawn on the thirtieth day of December, 1901.

There was no evidence of any kind tending to show that the money received by McCoy was to be applied to the indebtedness sued upon, nor was there any evidence even tending to show, that these matters men-

tioned were the only matters of business or loans between the Robisons and McCoy. The sum of the whole matter was this; appellants offered in evidence a check for $1,500 drawn by A. L. Robison to McCoy, with no evidence of any kind whatever tending to show its application or relation to the notes sued on, or that these were their only dealings together. It was a mere scintilla of evidence, but was not of itself and alone evidence that tended to show payment so that a jury would be warranted in acting upon it. When this case was last before us, we so held and there said that while there was no error in admitting the check in evidence, that as there was no other evidence offered to show that the check was a payment upon the notes in controversy, a verdict based on it alone could not stand. We now hold that the admission of the check in evidence was not error as it was an item of evidence which of itself was a mere scintilla, yet which, of itself, wholly unsupported by any other evidence tending to show its application or relation to the notes sued upon, did not tend to establish the material allegations of the plea of payment.

What is called the "scintilla rule of evidence" is not in force in this state. Offutt v. Columbian Exposition, 175 Ill. 475.

If there is but a scintilla of evidence tending to prove the material allegations of a declaration, the jury should be directed to return a verdict for defendant. If there is in the record any evidence from which, if it stood alone, the jury could, without acting unreasonably in the eye of the law, find that all the material averments of a pleading had been proven, then the issues should be submitted to the jury. Libby, McNeill & Libby v. Cook, 222 Ill. 212.

In the case at bar the check, and its payment, with no evidence tending to show its application or relation to the notes in dispute and with no evidence to show that the notes sued upon and the check were the only business matters between the parties, must be held to

be a mere scintilla of evidence and nothing more. There was no evidence given by appellants or offered by them that warranted the trial court in submitting the case to a jury.

The judgment was right and is affirmed.

*Affirmed.*