HARRY V. BAILEY, Admr., Appellee, *vs.* ARCHIE L. ROBISON *et al.* Appellants.

*Opinion filed April 23, 1908.*

1. TRIAL—*what does not justify directing a verdict for plaintiff.* The fact that the court, upon weighing all the evidence, may be of the opinion that a verdict against the plaintiff would have to be set aside if returned, does not justify the direction of a verdict for the plaintiff if there is any evidence tending to support defendant's contentions with reference to the controverted questions of fact material to the right of recovery.

2. SAME—*when court should not direct verdict for plaintiff in suit on note.* The court is not justified in directing a verdict for the plaintiff in a suit on a note where there is some evidence fairly tending to establish the defendant's claim that he had made a part payment upon the note, which had not been credited thereon.

3. EVIDENCE—*inventory of an estate is admissible as tending to show what property decedent owned.* The administrator's inventory of an estate is competent evidence tending to show what property the decedent owned at his death, and it is error to exclude such inventory when offered by the defendant in a suit by the administrator upon a note, where it tends to corroborate evidence for the defendant tending to show that at the time he gave the deceased a check the latter held no note against the defendant except the one in suit.

4. SAME—*what evidence tends to establish defense of part payment of note.* In an action by an administrator on a note given to the deceased, proof that the defendant gave the deceased a check for a certain sum, that the check was paid, that the deceased· mentioned the matter of the check to a person that day and asked him if he could "re-loan" the money, is sufficient, when coupled with proof tending to show that the deceased at that time held no note against the defendant except the one sued upon, to require submission to the jury of the question. whether the check was part payment of the note.

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Tazewell county; the Hon. T. N. GREEN, Judge, presiding.

This is an action of assumpsit brought by the administrator of Alexander McCoy, deceased, against Archie L. and Lida Robison, in the circuit court of Tazewell county, to recover the amount claimed to be due on two promissory notes, of $1000 each, bearing date June 29, 1898. The defendants below admitted a liability on the notes for $624.25, which was tendered to the plaintiff, and the tender being refused, the money was paid into court to be held subject to the order of the plaintiff. As to the balance of said notes pleas of set-off and payment were interposed, upon which issue was joined. At the conclusion of all the evidence, on motion of plaintiff, the court instructed the jury to find the issues for the plaintiff. A verdict was accordingly rendered assessing the plaintiff's damages at $1947.70, upon which, after overruling a motion for a new trial, judgment was

rendered against the defendants. Upon an appeal to the Appellate Court for the Third District the judgment was affirmed. Defendants below have prosecuted a further appeal to this court.

GEORGE C. RIDER, and PRETTYMAN, VELDE & PRETTYMAN, for appellants.

W. R. CURRAN, and WILLIAM A. POTTS, for appellee.

Mr. JUSTICE VICKERS delivered the opinion of the court:

It is first insisted that the court erred in directing a verdict upon the issues presented by appellants' pleas. This assignment of error requires this court to examine the evidence to determine whether there is any evidence fairly tending to support the defense set up in the pleas. Upon a motion to direct a finding upon a controverted question of fact, the question is whether there is any evidence which fairly tends to support the contention of the party against whom the finding is asked. It is not enough, to justify the granting of such motion, that the court may be of the opinion that upon weighing the evidence a verdict against the party making the motion would have to be set aside. *Libby, McNeill & Libby* v. *Cook,* 222 Ill. 206; *Woodman* v. *Illinois Trust and Savings Bank,* 211 id. 578; *Jones & Adams Co.* v. *George,* 227 id. 64.

In support of their defense appellants introduced a check dated December 28, 1901, drawn on the Farmers' National Bank of Pekin, Illinois, payable to the order of A. McCoy, for $1500. This check was signed "A. L. Robison" and was endorsed "A. McCoy." The check was stamped "Paid December 30, 1901," by the bank upon which it was drawn. Appellants contend that this $1500 check should be credited as a payment upon the two notes in suit. If this check was received as a payment upon the two notes in suit, this credit, together with the amount of money tendered, would pay

the two notes in full and the verdict should have been for appellants. If the $1500 check was a payment upon some other account, then the verdict and judgment are correct. Whether the law will raise a presumption that the check was a payment on the notes in question, in the absence of any evidence tending to show what the check is given for, we do not find it necessary to decide. We think there is evidence in this record fairly tending to prove that the check was intended as a payment upon these notes. A witness by the name of C. B. Cummings testified that he was at the house of Dr. Alexander McCoy, the deceased, on the day that A. L. Robison paid McCoy a check for $1500. Cummings was a very intimate friend of McCoy, and frequently visited him at his home and rode with him when making professional calls. The evidence shows that Dr. McCoy was about eighty years old at the time of his death, which occurred in April, 1902. On the occasion when Robison paid McCoy the $1500 check, Cummings testifies that after Robison left the McCoy residence McCoy informed Cummings that Robison had just given him a check for $1500, and asked the witness if he could re-loan that money for him. Cummings testifies that he told Dr. McCoy that he did not know of anybody wanting the money at that time, but if he found an opportunity to loan it he would do so. Dr. McCoy was very feeble at this time,—so much so that he required assistance to get in or out of his buggy. He kept his office in a room in his residence, which was about one-half mile from the Farmers' National Bank, where he did his banking. While Cummings is not able to positively identify the check offered in evidence as the one McCoy showed him at his residence, yet it is reasonably certain that it is the same check. The date of the check corresponds with Cummings' recollection of the time he had the conversation above detailed with McCoy, also the amount of the check, and there is no evidence that Robison ever gave McCoy any other check about that date, or at any other time,

for that amount. The witness testifies that Dr. McCoy asked him if he could re-loan that money for him. The use of the word "re-loan" implies that the money had been loaned before it was paid in and that Dr. McCoy wanted to loan it again. The inference from the language clearly is that Robison had paid it upon a loan. The evidence shows that Robison had borrowed money of Dr. McCoy on other occasions than the one when the two $1000 notes were given, and in each instance he executed his note for the amount of the loan. An examination of the books and papers of Dr. McCoy wholly fails to show the existence of any note at the time the check in question was given except the two notes that are sued on in this case, so that if this $1500 was paid to Dr. McCoy on a loan, the evidence that there was no other loan in existence at the time except that evidenced by the two notes in question has a direct tendency to prove that the payment was made on these notes. It is further proved by the evidence of C. H. Turner, the cashier of the Farmers' National Bank, that Dr. McCoy had for several years prior to his death kept a package of valuable papers in the bank. Turner had access to this package and saw its contents more than once. This witness testifies that he saw the two $1000 notes sued on in this case, and also another note for $1500 which was dated subsequent to the payment of the $1500 check and which has been paid to the appellee since the death of Dr. McCoy, and that there were no other notes or evidence of indebtedness in this package against appellants. If Dr. McCoy held another note against appellants for $1500, it is reasonable to suppose that it would have been found with the two $1000 notes in his package at the bank. There is no evidence whatever in this record tending in the slightest degree to show that appellants owed Dr. McCoy anything except the notes involved in this suit at the time this check was delivered. In our opinion these circumstances have a direct tendency to prove that the $1500 was paid on these two notes. The evidence,

at all events, is of such a character as required the court to submit that issue to the jury.

Appellants offered the inventory filed by the appellee of Dr. McCoy's estate in the county court. This evidence, upon objection by appellee, was excluded by the court, and this ruling is assigned as error. Inventories and bills of appraisement, and authenticated copies thereof, are made competent evidence by paragraph 56 of chapter 3, Hurd's Statutes. Such inventory is not conclusive of the value of the estate, but it is competent evidence tending to show what property the decedent owned at the time of his death. We think that the inventory corroborated the testimony given for appellants tending to show that there was no other indebtedness at the time the check was given than the notes involved in this suit. In view of the incompetency of Robison to testify, his case must necessarily be supported by the next best evidence of which the subject, in its nature, is susceptible. In this case a resort to circumstances is the only method left open to appellants to establish their defense. The inventory slightly tended to strengthen the contention of appellants, and therefore the court should not have denied them the benefit to be derived from this circumstance. The inventory showed only one small note, amounting to $73.23, beside the notes of appellants. The small number of notes belonging to Dr. McCoy has some tendency to corroborate the statements of Turner as to the contents of the package kept at the bank. If there had been a large number of notes in this package that fact would detract from the weight to be given to the evidence of Turner, who testifies to the contents of the package.

In our opinion the court erred in directing a verdict for the appellee and in excluding the inventory from the jury. For these errors the judgments of the circuit and Appellate Courts are reversed and the cause remanded to the circuit court of Tazewell county for a new trial.

*Reversed and remanded.*