## Harry V. Bailey, Administrator, Appellant, v. Archie L. Robison et al., Appellees.

1. EVIDENCE—*what not competent upon question of payment.*
In order to render checks relating to other transactions than that
in issue competent upon the question of payment, all the checks
which have passed between the parties in all their business transac-
tions must be produced.

2. WITNESSES—*who not incompetent by virtue of interest.* An
administrator plaintiff is competent, the adverse party not de-
fending in a representative capacity.

3. APPEALS AND ERRORS—*effect of former opinion.* The opinion of
the Appellate Court becomes the law of the case and this not-
withstanding upon a subsequent appeal the Appellate Court becomes
convinced of an erroneous conclusion therein.

4. INSTRUCTIONS—*when upon credibility of witnesses not
erroneous. Held,* that the following language taken in con-
nection with the entire instruction was not erroneous: "You
are to believe as jurors what you believe as men and there is
no rule of law which requires you to believe as jurors what you
would not believe as men."

5. INSTRUCTIONS—*when errors cannot be urged.* Errors con-
tained in instructions cannot be urged as grounds for reversal
if the same errors are contained in instructions which have been
given to the jury at the instance of the complaining party.

6. VERDICTS—*when not disturbed.* Notwithstanding the Appel-
late Court is inclined to the opinion that the evidence in the
record would better support a verdict for the other party, the
verdict as rendered will not be disturbed unless the Appellate
Court is prepared to say that the verdict as returned by the jury
is clearly and manifestly against the weight of the evidence.

Assumpsit. Appeal from the Circuit Court of Tazewell county;
the Hon. NICHOLAS E. WORTHINGTON, Judge, presiding. Heard in
this court at the November term, 1908. Affirmed. Opinion filed
May 19, 1909.

W. R. CURRAN and WILLIAM A. POTTS, for appellant.

GEORGE C. RIDER and PRETTYMAN, VELDE & PRETTY-
MAN, for appellees.

MR. JUSTICE BAUME delivered the opinion of the
court.

This is a suit brought by Harry V. Bailey, as ad-

ministrator of the estate of Alexander McCoy, deceased, against Archie L. and Lida Robison to recover the amount claimed to be due upon two promissory notes, each for the sum of $1000, bearing date June 29, 1898, payable one year after date. The defendants admitted their liability on the notes to the extent of $638.90, which amount was tendered to plaintiff, the tender refused and the money paid into court. As to the balance alleged to be due on said notes defendants pleaded set-off and payment, upon which pleas issue was joined. There have been five trials of the cause in the Circuit Court of Tazewell county. Upon the first trial there was a verdict and judgment in favor of the plaintiff for $1,626.70, which judgment was, upon appeal to this court, reversed and the cause remanded. 113 Ill. App. 123.. The second trial resulted in a verdict for the defendants and a judgment against the plaintiffs for costs, which judgment was reversed upon appeal to this court and the cause remanded. 123 Ill. App. 611. Upon the third trial there was a verdict in favor of the defendants, which verdict was set aside upon the motion for a new trial. At the fourth trial, upon the conclusion of the evidence for the defendants, the court gave the jury a peremptory instruction to find the issues for the plaintiff upon the pleas of payment and set-off, and upon the verdict so returned judgment was entered against defendants for $1,947.70, which judgment was upon appeal to this court affirmed. 137 Ill. App. 470. From the judgment of this court affirming the judgment of the Circuit Court a further appeal was prosecuted by the defendants to the Supreme Court, where the judgments of the Circuit Court and this court were reversed and the cause remanded to the Circuit Court for a new trial. Bailey v. Robison, 233 Ill. 614. The fifth trial of the cause resulted in a verdict in favor of the defendants and a judgment against the plaintiff for costs, from which judgment plaintiff prosecutes this appeal.

As the facts are fully disclosed in the former opin-

ions of this court and in the opinion of the Supreme Court, we deem it unnecessary to re-state them. It is sufficient to say that the facts adduced upon the last trial of the cause are, in all substantial respects, identical with the facts set forth in the opinions referred to.

It is first urged that the trial court improperly admitted in evidence on behalf of defendants exhibit "D," being the check for $1,500 which it is claimed by defendants was given to and accepted by the deceased as a payment upon the note sued on, and exhibit "AC," being the inventory of the estate of his intestate filed by plaintiff. Upon the former appeals in this court exhibit "D" was held to be properly admitted in evidence, and upon the appeal in the Supreme Court exhibit "AC" was held to be competent evidence. These holdings dispose of the question raised against the contention of plaintiff.

It is next contended that the court erred in refusing to admit in evidence exhibits M, N, K, L, I, O, P and Q, being certain notes and checks relating to long prior closed transactions between the defendants and the deceased, and having no reference to the transaction here involved. It was conceded by counsel for plaintiff that the transactions referred to by these several exhibits did not show all the transactions between the defendants and the deceased. The record of the case in a former appeal in this court discloses that these several exhibits were then offered in evidence on behalf of the defendants and upon the objection of plaintiff they were held incompetent. In commenting upon the ruling of the trial court in that regard we then said: "Upon the trial appellees offered in evidence a number of other notes and checks between the parties to which objection was made and sustained. There was no evidence of any kind to show that these other notes and checks, together with those already in evidence, constituted all the transactions between deceased and Robison. To make such offers competent as tending to show that exhibit "D" was a payment

upon the note sued on, it was essential for appellees to show that such matters embraced the entire transactions between the parties." Counsel for appellees recognized the force of the objections upon the trial when they said (at the time they were identifying the notes and checks) that "We are trying to show an account of every cent of money that was passed between these parties in all their business transactions." These matters so offered under the evidence had no relation to the notes and check in controversy and were properly excluded. Bailey v. Robison, 123 Ill. App. 611. We perceive no reason or ground for holding this evidence to be competent when offered by the plaintiff and incompetent when offered by the defendants. Upon the authority of our former opinion the trial court properly excluded the evidence.

The next assignment of error challenges the ruling of the trial court in refusing to permit the plaintiff to testify to facts within his knowledge acquired during the lifetime of his intestate. The objection to his competency as a witness to testify to such facts was based upon the grounds that he was suing as administrator, and that his wife was the sole heir of his intestate, Alexander McCoy. Upon the first trial the plaintiff was held by the trial court to be incompetent to testify as a witness to any transaction occurring prior to the death of his intestate, and he did not offer to testify as a witness on his own behalf on the second and fourth trials of the cause. Upon the appeal to this court from the judgment on the first trial plaintiff did not assign any cross-error upon the ruling of the court refusing to permit him to testify to facts occurring prior to the death of his intestate, and in the brief and argument then filed on his behalf as appellee it was not contended that he was a competent witness for that purpose. It was then held that he was incompetent to testify to any transaction occurring prior to the death of his intestate, and the judgment was reversed, primarily for the reason that he persisted,

notwithstanding the ruling of the trial court, in volunteering statements as to facts within his knowledge prior to the death of his intestate, and as to what his intestate could produce if he was alive.

If this court was in error in holding that the plaintiff was an incompetent witness to testify to transactions occurring prior to the death of his intestate, such holding was induced, not only by the failure of counsel to assign cross-error or to assert the competency of the witness, but by what we then conceived to be a tacit concession on the part of counsel that the plaintiff was an incompetent witness in that regard. Upon a proper presentation of the question to our consideration we are of opinion that the plaintiff does not come within the inhibition of the statute. By the first section of the act relating to Evidence and Depositions, the common law disqualification on account of interest in the suit or proceeding is removed, saving certain limitations prescribed in subsequent sections. By the second section of said act a party to a suit is rendered incompetent to testify as a witness "of his own motion, or in his own behalf  *  *  * when any adverse party sues or defends as  *  *  * executor, administrator, heir, legatee or devisee of any deceased person  *  *  * unless when called as a witness by such adverse party so suing or defending," except in certain cases thereinafter specified. The defendants, being the parties adverse to the plaintiff, were not defending in any of the capacities above mentioned and the plaintiff was, therefore, a competent witness. Whether or not, under the circumstances, the plaintiff should be held to be estopped from now asserting or relying upon this assignment of error, it is well settled that the former holding of this court that the plaintiff was an incompetent witness, must be held to be the law of the case binding alike upon the trial court and this court. Leeds v. Townsend, 124 Ill. App. 582; Penn Plate Glass Co. v. Rice Co., 216 Ill. 567.

The second instruction given at the instance of defendants after correctly stating the rule governing the jury in determining the weight to be given to the testimony of the several witnesses, proceeds as follows: "You are to believe as jurors what you believe as men and there is no rule of law which requires you to believe as jurors what you would not believe as men." It is urged that this portion of the instruction is objectionable as being argumentative and calculated to give the jurors the impression that their oaths were to be but lightly regarded, and that in arriving at their verdict they might be guided by the prejudices and impressions which control their actions as men, and not by the serious and unbiased consideration of the evidence contemplated by the law and required by their oaths. The language quoted standing alone is subject to criticism, but taken in connection with the remainder of the instruction as given, we do not think it rendered the instruction misleading. People v. Zajicek, 233 Ill. 198.

It is urged that the sixth instruction given at the instance of plaintiff is erroneous in that it authorized the jury to consider the defense made by defendants' plea of set-off, in the absence of any evidence in the record upon that issue. The record discloses that by the fifth and sixth instructions given at the instance of plaintiff the same issue was admitted to the jury. Plaintiff is, therefore, in no position to urge the objection made. C. & A. R. R. Co. v. Harrington, 192 Ill. 9.

It is finally urged that the verdict of the jury is against the manifest weight of the evidence, and in this connection counsel direct our special attention to an item of evidence which is claimed to have been adduced upon the last trial bearing upon the question as to whether or not at the time the defendant, Archie L. Robison, gave to Alexander McCoy the check, exhibit "D," for $1,500, he owed McCoy anything except the two notes involved in this suit, which evidence was not adduced upon the former trials of the case.

The witness Charles H. Turner, who was cashier of the Farmers National Bank of Pekin during the time of the transactions in question, testified upon his direct examination that he had access to the papers of Dr. McCoy, then kept in the bank, for the purpose of receiving money and indorsing it on the notes, if paid, and placing it to the credit of Dr. McCoy; that he had then seen the two notes involved in this suit and that he had no recollection of seeing any other notes signed by the defendants or either of them except the three notes marked respectively exhibits B, C and G. Exhibits B and C are the notes involved in this suit and exhibit G is a note for $1,500 bearing date February 14, 1902, signed by the defendants, and which it is admitted was paid by them to the plaintiff after the death of Dr. McCoy. Upon his cross-examination the witness testified that he could not say as to just the number of notes that were in the package on December 28, 1901; that his recollection was that there were three notes in that package signed by A. L. Robison at that time. December 28, 1901, is the date borne by the check for $1,500 which defendants claim was given to and received by Dr. McCoy as a payment upon the notes here involved. An examination of the record clearly indicates that if the witness in fact testified upon his cross-examination as is above indicated, the force and effect of his testimony in that regard was either not observed and appreciated by counsel for plaintiff, or counsel for plaintiff understood the witness to testify that he then only saw two such notes in the package, because the subsequent prolonged and searching cross-examination of the witness by counsel for plaintiff was directed in an effort to test his recollection and to discredit his testimony that he had seen only two such notes at the time referred to.

We are compelled to the conclusion that counsel for plaintiff then understood the witness to testify that he saw only two such notes at the time in question, and that the insistence of counsel, based upon the testimony

of the witness upon his cross-examination, as it appears in the record, is an afterthought. An attempt to summarize the evidence bearing upon the issue raised by defendants' plea of payment would involve a repetition substantially of what was said by Mr. Justice Vickers in 233 Ill. 614, upon the question then before the Supreme Court as to whether or not the defendants had adduced any evidence fairly tending to support said plea. That there is such evidence in the record sufficient as a matter of law to require the submission of the case to a jury is established by the judgment of the Supreme Court. While we are inclined to the opinion that the evidence in the record would better support a verdict for the plaintiff, we are not prepared to say that the verdict returned by the jury is so clearly unwarranted as to justify us in setting it aside.

The judgment of the Circuit Court will, therefore, be affirmed.

*Affirmed.*