City of Moline v. Barber Asphalt Paving Co. et al., 208 Ill. App. 617.

# City of Moline, Appellant, v. Barber Asphalt Paving Company and National Surety Company, Appellees.

## Gen. No. 6,391.

1. MUNICIPAL CORPORATIONS, § 400*—*when declaration in action on contractor's bond is sufficient*. A declaration setting up a certain city ordinance for the paving of a street, a contract with the principal defendant for the work, and the specifications, breaches in failure to construct the paving and keep it in repair for 10 years in accordance with the contract, and the contractor's bond *in hæc verba*, *held* good on demurrer, in an action on the contractor's bond.

2. PLEADING, § 463*—*when question whether declaration is bad is waived*. The question whether a declaration is bad is waived where defendant files a plea to the merits after overruling of his demurrer to the declaration and does not move in arrest of judgment.

3. PLEADING, § 453*—*when error in sustaining demurrer to pleas is waived*. Error in sustaining a demurrer to pleas is waived by pleading over by other pleas the same matter in substance.

4. MUNICIPAL CORPORATIONS, § 400*—*when action lies on construction bond*. Where two bonds were given by a paving contractor to a city, one covering construction and the other covering both construction and maintenance of the improvement, *held* on demurrer to a plea that plaintiff should sue only on the latter bond, that the latter bond in no way impaired the covenant expressed in the former and that suit might be maintained on the former bond for the breach of any of its terms.

5. APPEAL AND ERROR, § 1455*—*when improper sustaining of demurrer to plea is harmless error*. The improper sustaining of a demurrer to a plea was not prejudicial error, where a plea over upon which the case was tried tendered the same issue.

6. BONDS, § 41*—*when judgment is erroneous*. Judgment in an action to recover on a bond for damages, only, *held* bad in form and substance, and reversibly erroneous.

7. APPEAL AND ERROR, § 1807*—*when case should be sent back for entry of proper judgment*. If no error occurred before entry of a judgment which is bad in form and substance, the case should be sent back, not for new trial but for entry of proper judgment.

8. APPEAL AND ERROR, § 1410*—*when verdict not disturbed as against weight of evidence*. Evidence as to damages for breach of

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

City of Moline v. Barber Asphalt Paving Co. et al., 208 Ill. App. 617.

a paving contract *held* such as not to justify the holding that the amount found by the jury and confirmed by the court was not in accordance with the weight of evidence on the questions involved, where there were a large number of material questions resting on conflicting opinions and estimates from which no two juries would be likely to reach the same verdict.

9. Municipal corporations, § 400*—*when evidence of repairs and improvements by city are admissible in action on contractor's bond.* Evidence of repairs and improvements were properly admitted and considered in estimating plaintiff's damages, in an action by a city to recover on a paving contractor's bond, where there was an issue whether· the contractor had kept the pavement in repair in accordance with the contract and whether a settlement had been agreed upon and repairs made under its terms and instructions given as to repairs by both parties.

10. Appeal and error, § 1526*—*when plaintiff is not harmed by improper rulings or instructions.* Plaintiff is not harmed by improper rulings or instructions on an issue found for him.

11. Appeal and error, § 1543*—*when instruction on credibility of witnesses is not reversibly erroneous.* An instruction that the jury is not obliged to accept as true the testimony of any witness merely because he has testified positively to a fact or state of facts if, in their opinion, judging from their own common observation, he is or may be mistaken concerning the matters and things about which he has testified, and that they have the right to believe all the testimony of a witness or to believe it in part and disbelieve it in part or reject it altogether as they may find the evidence to be when considered as a whole, *held* not prejudicially erroneous.

Appeal from the Circuit Court of Rock Island county; the Hon. Frank D. Ramsay, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed February 12, 1918.

James M. Johnston and Shallberg & Harper, for appellant.

Stafford, Schoede & Stafford and Morris M. Townley, for appellees.

Mr. Presiding Justice Carnes delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

In April, 1902, appellant, City of Moline, contracted in writing with the Barber Asphalt Paving Company to pave a certain street in accordance with its city ordinance and specifications. The asphalt company furnished a bond in the penal sum of $40,000 with the National Surety Company as surety, for the faithful performance of the contract. April, 1910, this suit was brought against both of the companies (appellees) on that bond. The declaration set out the ordinance, contract, specifications and bond *in hæc verba,* and averred breaches in failure to construct the pavement and keep it in repair for 10 years in accordance with the provisions of the contract. The defendants demurred to the declaration on the ground that the ordinance was void because while providing for an improvement by special assessment, which was within the power of the city, it also provided for keeping a public street in repair for 10 years and for the payment in advance for such future repairs out of funds to be raised by special assessment, which it was not authorized to do. The court overruled this demurrer. The defendants did not stand by their demurrer but filed nine pleas in answer to the declaration. The court sustained a demurrer to all of these pleas. The defendants pleaded over, filing six pleas to the declaration. The court sustained the plaintiff's demurrer to the second and third of those six pleas and overruled it as to each of the other four; that left the first plea, which averred a performance of the conditions imposed on the defendant asphalt company by the contract in the construction of the improvement, and the fourth plea averring the performance of its obligation under the contract to keep the pavement in repair, and the fifth and sixth pleas which were, in substance, of accord and satisfaction, each averring that after this suit was brought there was an agreement between the paving company and the City of Moline, acting therein by and through

its board of local improvements, that in full and final settlement of the issues tendered by the plaintiff's declaration said paving company should make certain repairs of the street without additional cost to the city, the fifth plea alleging that the repairs were made as agreed, and the sixth plea that they were made as agreed, and the pavement was placed in such good order and condition as was satisfactory to said board of local improvements. Each of the four pleas concluded with a verification. The plaintiff filed replications to these four pleas, denying the material facts, and concluding to the country. The defendants, by leave of court, filed an additional plea, which is called the seventh plea, averring in detail performance of various covenants counted on in the declaration, to which the plaintiff replied, concluding to the country.

Both of the defendants (appellees) appeared on the trial and there was a verdict in favor of the plaintiff for $40,000 debt; $5,000 damages. The city moved for a new trial. The court overruled the motion and entered a judgment "that said plaintiff do have and recover of and from the said defendant, Barber Asphalt Paving Company, the said sum of $5,000, damages, as assessed by the jury, as aforesaid, together with its costs," etc. The city prosecutes this appeal from that judgment. Its main contention here is that the verdict should have been much larger under the evidence submitted to the jury, and that the court erred in its rulings on the evidence and instructions. But it also assigns and argues as error that the judgment was entered against the Barber Asphalt Paving Company alone, while it should have been entered against both defendants, and also objects to the form of the judgment. We presume these are errors of the clerk in entering the judgment.

Appellees assign and argue cross errors on the overruling of their demurrer to the declaration, the sustaining of the demurrer to their first nine pleas filed,

and the sustaining of the demurrer to the second and third of their last six pleas filed. They do not attempt to answer appellants' argument that it was entitled to judgment in proper form against both defendants except to say that they will consent to an order directing a judgment conforming to the verdict.

The defendants waived their demurrer to the declaration by pleading to the merits after their demurrer was overruled. They did not move in arrest of judgment. The question whether the declaration was bad is not open to such consideration here as might have been demanded had they stood by their demurrer. We think the declaration was properly held good on demurrer, and conclude that whether it was or not, the question on that error, as presented here by appellees, should be determined against them.

Appellees also waived any error of the court in sustaining the demurrer to their first nine pleas, in so far as they were permitted to and did plead over the same matters, in substance, and so far as we can see their five pleas on which issues were joined and tried presented the same defenses tendered in said nine pleas except that in the second of said pleas it was alleged that upon the awarding of the contract it was agreed that the asphalt company should give two separate bonds, one, the construction bond (the one sued on), the other a maintenance bond, conditioned that the asphalt company should well and truly construct the improvement and thereafter keep and maintain the same for a period of 10 years, alleging the execution of both bonds and the proper construction and approval by the city, and that therefore the city should not be permitted to maintain its action on the construction bond but should be relegated to such remedy, if any, as it may have upon the maintenance bond. The court said in sustaining the demurrer to that plea that while it might be true that a second bond was taken for the purpose of covering the covenant as to

622 APPELLATE COURTS OF ILLINOIS.

City of Moline v. Barber Asphalt Paving Co. et al., 208 Ill. App. (17.

the quality of the material and the labor to be used, still in his judgment it in no way impaired the cove- nant expressed in the construction bond, and suit could be maintained on that bond for the breach of any of its terms. We think that ruling and reasoning of the court correct. The second and third of said six pleas filed by the defendants to which demurrers were sustained tendered issues of fact that were presented by the other five pleas upon which the case was tried, and therefore the defendants were not prejudiced by the ruling of the court in sustaining the plaintiff's demurrer to those pleas, and we need not consider whether the pleas were bad for reasons assigned in the special demurrer to them.

The judgment is bad in form and substance and therefore must be reversed, but if no error occurred before its entry the practice requires that the case be sent back, not for a new trial, but to enter a proper judgment. (*Gage v. People,* 163 Ill. 39; *People v. Chicago Title & Trust Co.,* 266 Ill. 224, 228.) Each defendant appears in this court on this appeal and expressly consents that such an order may be made.

Other errors assigned and argued may be better considered by first noting the issues submitted to the jury as stated in plaintiff's first offered instruction, which the court gave with slight modifications of verbiage apparently intended only for greater accuracy of expression, and in no way affecting the substance of the instruction as it would be understood by a jury. As given it read as follows:

"The court instructs the jury that one of the issues involved in this case is whether or not the Barber Asphalt Paving Company constructed the pavement involved with such material and workmanship and of such character and quality in the original construction thereof as to comply with the guaranty set forth in Section 18 of the specifications, and if you find from the greater weight of the evidence in this case that the defendant, the Barber Asphalt Paving Company,

did not construct said pavement in compliance with requirements of said contract and specifications for said work, and further find that no settlement was made between the parties, then you should find the issues for the plaintiff and assess its damages under the evidence at such sum as is the difference between the value of the pavement or improvement as constructed, and the value of the improvement or pavement if it had been constructed according to the requirements of the agreement and specifications for said work, less whatever amount has been shown by the evidence was reasonable value of the repairs made by the Barber Asphalt Paving Company in said street.''

The record filed here contains about 1,000 pages of testimony to which is devoted 320 pages of the abstract.

The original pavement was completed in October, 1902. The work was defective and the asphalt company made repairs in the years 1906, 1908, 1909, 1911 and 1912. The evidence was directed to the condition and value of the pavement as originally laid and the character and value of the improvements, and was voluminous and contradictory. The yardage of repairs considerably exceeded the yardage of defective area because where there were several holes in the pavement a large part would be cut out so as to make a large patch instead of a number of small ones. During the 10-year warranty period the contractor made about 7,000 square yards of repairs, which appellant's evidence showed to be of the reasonable value of $10,000 to $12,000.

Within a year after this suit was brought (April, 1910), there were repeated conferences looking to a settlement. It is agreed that definite terms were reached but not agreed what those terms were. It, however, appears without contradiction that work on the street was to be done in 1911 by the asphalt company in consideration of which the suit was to be

dismissed. Work was then done, and there is a conflict in the testimony both as to whether it was well done or done in accordance with the agreement. It further appears that a year afterwards, in 1912, the asphalt company in response to a notice from the city made further repairs on the street, and a conflict of testimony as to the nature and value of those repairs.

It would unduly extend this opinion to discuss in detail the conflicting evidence. The jury found against appellees' defense set up in their pleas of accord and satisfaction. The original work was not in accordance with the contract, and the asphalt company was in default in performing its undertaking to keep the pavement in repair for 10 years, but it expended large sums of money in attempted compliance with its undertaking, and under the evidence disclosed in this record or under any evidence that would probably be introduced on another trial no jury could estimate the damages with much certainty. There is such a large number of material questions resting on conflicting opinions and estimates that no two juries would be likely to reach the same verdict. We conclude that we are not justified in holding that the amount of damages found by the jury and confirmed by the trial court is not in accordance with the weight of evidence on the various questions involved and considered. Appellant argues that evidence of repairs and improvements was improperly admitted and that they should not have been taken into account in estimating the damages. The evidence could not have been excluded because there was an issue whether the asphalt company had kept the pavement in repair during the 10-year period, and another issue whether a settlement had been agreed upon and repairs made under its terms; and appellant is itself responsible for the rule given the jury in its instruction before quoted requiring them to estimate and deduct the value of the repairs. Appellees tendered an instruction on the measure of

damages to substantially the same effect, and cites authorities here in support of that rule. It seems at least more equitable than the opposite rule that repairs and reconstruction should not be taken into account; but we will not enter into a discussion of a proposition that was conceded by both parties in the trial below.

Appellant complains of instructions on the issues arising under the appellees' pleas of accord and satisfaction. It is sufficient answer that the jury found those issues for the appellant; therefore it was not harmed by improper rulings or instructions touching only those issues. If they had been found for the defendants there could have been no judgment for the plaintiff.

Appellant argues that the board of local improvements had not the power to bind the city by a contract of settlement. The defendants in their pleadings averred and relied on various acts of the board of local improvements as a discharge of all liability under the bond. We think the court properly admitted evidence in support of those allegations in the pleas and that the evidence tended to show such acts and the authority of the board to perform them. But the verdict for the plaintiff means that the jury found that it was not estopped by any action of its board of local improvements from recovering substantial damages for breach of the covenants in the bond; therefore the city was not harmed by any ruling based on the assumption that the board of local improvements had the power to represent it in the matters alleged.

Appellant insists that defendants' given instruction No. 14 is ground for reversal. It reads as follows:

"The Court further instructs the jury that you are not obliged to accept as true the testimony of any witness merely because he has testified positively to a fact, or state of facts, if in your opinion, judging from your own common observation, he is or may be mistaken concerning the matters and things about which

he has testified. You have the right to believe all the testimony of a witness, or to believe it in part, and disbelieve it in part, or you may reject it altogether as you may find the evidence to be when considered as a whole.''

The jury had been directed in other instructions to find and determine the facts from the evidence. The last clause of the instruction authorizing the accept-ance or rejection of the testimony of a witness as the jury might find the evidence to be when considered as a whole is undoubtedly correct. The first clause au-thorizes the rejection of the testimony of a witness if in the opinion of the jury, judging from their own common observation, he is or may be mistaken. It is true that jurors do and should consider the evidence in the light of their common knowledge and experience in the affairs of life. The court in *Bailey v. Robison*, 149 Ill. App. 457, held an instruction good containing this language: ''You are to believe as jurors what you believe as men, and there is no rule of law which requires you to believe as jurors what you would not believe as men,'' on the authority of *People v. Zajicek*, 233 Ill. 198, 216, which is that the jury may properly be advised that they are not at liberty to disbelieve as jurors if from the evidence they believe as men; that their oath imposes on them no obligation to doubt where no doubt would have existed if no oath had been administered. It is there said to be settled law that such instruction is proper since the decision in *Spies v. People*, 122 Ill. 1, and *Watt v. People*, 126 Ill. 9. *Bailey v. Robison, supra*, was reversed on appeal (244 Ill. 16), but it was not suggested in the opinion that either the Circuit or Appellate Court erred in passing upon the instruction. In *Goss Printing Press Co. v. Lempke*, 191 Ill. 199, 201, the following instruction was given:

''The jury are not necessarily bound to believe any-thing to be a fact because a witness has stated it to be so, provided the jury believe, from the evidence,

that such witness is mistaken or has sworn falsely as to such fact.''

And the court said:

''The point made against the instruction is, that it failed to state correctly the rule by which the jury should have been governed in determining the credit to be given to the different witnesses who testified in the case. We do not understand from this instruction that its object was to state the well known rule on this subject at all. The instruction could not have been of much importance in the case, for it would not be at all probable that jurors would believe any particular thing testified to by a witness as a fact to be a fact, which, from all the evidence before them, they believed was not a fact. It was limited to a particular fact in the case, and did not extend to or bear upon the rule by which the credibility of witnesses should be determined.''

The instruction in the present case directed to the whole testimony of a witness is not justified by Illinois authorities, and should have been refused, but we do not see how it could have affected the verdict. It might as well have been offered by one side as the other. Counsel do not point out and we cannot see how the defendants in the trial of the case could have made any favorable application of the principles announced, and if it had any influence on the jury it is very unlikely that it was other or different than if it had been correctly framed as indicated in authorities above cited. We cannot see that it was prejudicial error, and do not think it should be held reversible error.

We have not discussed errors in instructions and admission of evidence that affect only the questions involved in the issues of settlement of the case after suit brought because, as we have before said, those issues were found for the plaintiff. The court tried the case on a rule of measure of damages adopted by both parties. The rulings on evidence and instruc-

tions were in substantial accord with a proper inquiry under that rule. In the absence of the error in entering judgment on the verdict we would find no reversible error, but because of that error the judgment will be reversed and the cause remanded to the court below with directions to enter a judgment against both defendants for $40,000 debt to be satisfied on the payment of the $5,000 awarded as damages, together with interest on said damages at 5 per cent. per annum from the date of the receipt of the verdict to the date when such new judgment is entered, such interest to be computed by the court entering judgment.

*Reversed and remanded with directions.*